Napton, judge,
delivered the opinion of the court.
In this case the county court of Franklin county had made an order upon the defendant, who was administrator of the estate of Farar, deceased, to pay all debts allowed up to the fourth class. Among these, and in the second class, was the claim of Dr. Polk for medical services. Upon this claim a demand was made, and an execution issued, which being returned nulla bona, a scire facias was sued out against the securities. Upon the trial it appeared, from the testimony of a son of the defendant, that she had received no money, and that the settlements made by her, and which represented her to have received several thousand dollars, were only based upon the inventory and sale bill. The court therefore rescinded the order to pay the plaintiff’s demand, and gave a judgment for the defendant. The same result took place upon a. trial in the circuit court.
When administrators make a settlement, they charge themselves with *358 the amount of the sal© bill, and with evidences of debt, and other things-not available, as cash. The court seeing from the exhibit of the condition of the estate, and seeing that it will be ample to satisfy all demands of a particular class, make an order that they be paid. This must be-under the implied condition that funds sufficient for that purpose must first come to the hands of the administrator. The administrators account shows that he lias only property and effects in his bands, and he-who sues out a scire facias, must show the fact that the property has been converted into cash. The settlement in this case does not show that sufficient money was in the hands of the administrator at the time-of making the general order for- the payment of the demands of the-second class.
The other judges concurring,, judgment affirmed.